# Exhibit A

FILED
18 JUN 13 PM 2:32

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-14901-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ARTHUR RONESS, | ) |
| | ) No. |
| Plaintiff, | ) |
| | ) |
| vs. | ) COMPLAINT FOR DAMAGES |
| | ) |
| T-MOBILE USA, INC., a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

**COMES NOW** Plaintiff Arthur Roness, by and through his attorneys of record, and alleges as follows:

### I.   PARTIES

**1.**   Plaintiff is a resident of King County, Washington, and an employee of Defendant T-Mobile USA, Inc.

COMPLAINT FOR DAMAGES - 1

PREMIER LAW GROUP PLLC
1408 – 140th PL NE
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

**2.** Defendant T-Mobile USA, Inc. (hereinafter "T-Mobile") is a Delaware corporation doing business all over the State of Washington, including King County, Washington, with its principle place of business in Bellevue, King County.

**3.** All acts and/or omissions of Defendant's employees and agents were performed for the benefit of Defendant, and within the course and scope of their employment with Defendant.

## II.     JURISDICTION AND VENUE

**4.** The above-entitled court is the proper venue and has proper jurisdiction over the parties and subject matter of this lawsuit.

## III.     FACTS

**5.** Plaintiff is currently employed by T-Mobile and has been employed by them since around September 2000.

**6.** Plaintiff suffers from a medical condition known as Obstructive Sleep Apnea.

**7.** On or about March 22, 2018, Plaintiff provided T-Mobile with a note from his physician, requesting that Plaintiff be permitted to only work his normal shifts (Monday through Friday 5am – 3pm) without having to work overtime on the evenings and/or weekends, or being on-call, because of his medical condition.

**8.** Defendant denied Plaintiff's request and instead placed him on continuous leave, rather than intermittent leave for those periods of time that he would be required to work overtime or be on-call.

**9.** Plaintiff requested that he be reinstated and be placed on intermittent leave for any of the hours that he would need to be on-call or work overtime in the evenings or weekends, but Plaintiff has not been reinstated.

### IV.     FIRST CAUSE OF ACTION

**10.** <u>Disability Discrimination/Failure to Accommodate.</u>   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 9 as if fully set forth herein.

**11.** The acts and/or omissions of Defendant, including its employees and agents, as described above constitute a violation of the Washington Law Against Discrimination – RCW 49.60 et seq.

**12.** As a proximate result of Defendant's actions and/or omissions, Plaintiff has suffered economic and noneconomic damages to be proven at trial.

**13.** Plaintiff is also entitled to reinstatement as well as enjoining Defendant from further violating Plaintiff's rights.

### V.     SECOND CAUSE OF ACTION

**14.** <u>Washington Family Leave Act</u> (WFLA). Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 13 as if fully stated herein.

**15.** Defendant's acts and/or conducts as alleged above constitute an interference with, restraint of, retaliation, or denial of the exercise of Plaintiff's WFLA rights (RCW 49.78 et seq.).

**16.** As a result of Defendant's acts and/or conducts, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to lost wages, prejudgment interest, and liquidated damages as permitted under the WFLA.

**17.** Further, Plaintiff is also entitled to reinstatement as well as enjoining Defendant from further violating Plaintiff's rights.

### VI.     THIRD CAUSE OF ACTION

**18.** <u>Family Medical Leave Act</u> (FMLA). Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 17 as if fully stated herein.

**19.**     Defendant's acts and/or conducts as alleged above constitute an interference with, restrain of, retaliation, or denial of the exercise of Plaintiff's FMLA rights (29 U.S.C. §2601 et seq.).

**20.**     As a result of Defendant's violation, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to lost wages, prejudgment interest, and liquidated damages as permitted under the FMLA.

**21.**     Further, Plaintiff is also entitled to reinstatement as well as enjoining Defendant from further violating Plaintiff's rights.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief:

1. Judgment for all damages as permitted by law, including but not limited to, economic and non-economic damages;

2. Judgment for liquidated damages as permitted by law;

3. Pre-judgment and post-judgment interest, attorneys' fees and costs as permitted by law;

4. Declaratory and/or injunctive relief reinstating Plaintiff and enjoining Defendant from further violating Plaintiff's rights as permitted by law; and

5. For such other and further relief as this Court deems just and equitable.

DATED this 13th day of June 2018.

PREMIER LAW GROUP, PLLC

*/s/ Patrick J. Kang*
**Patrick J. Kang,** WSBA #30726
Of Counsel for Plaintiff