UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR RONESS,

    Plaintiff,

v.

T-MOBILE USA, INC., a Delaware corporation,

    Defendant.

CASE NO. C18-1030RSM

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. Dkt. #14. Having considered the motion and the record[1] and for the reasons set forth below, the Court denies Plaintiff's Motion.

## II.     BACKGROUND

Plaintiff is employed by Defendant as a Data Technician and has been employed by Defendant since September 2000. Dkt. #16 at ¶ 1–2. Plaintiff was recently diagnosed with Obstructive Sleep Apnea and his doctor recommended that he not work more than ten consecutive hours. *Id.* at ¶ 4. Plaintiff appears to have generally worked ten hour shifts and

---

[1] Defendant filed a Notice of Intent to Oppose Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. Dkt. #17. The Court has determined that a response is not necessary to its decision on Plaintiff's Motion.

ORDER – 1

sometimes was required to work overtime or be on-call. *See id.* at ¶¶ 2, 5. The doctor's recommendation meant that Plaintiff could not work overtime or on-call hours.

Upon notifying Defendant of his medical need to no longer work overtime or on-call shifts, Defendant placed Plaintiff on indefinite unpaid leave around March 26, 2018. Dkt. #14 at 1; Dkt. #16 at ¶¶ 5, 6. Defendant has indicated that it plans to place Plaintiff in an alternative position, but has not done so. Dkt. #16 at ¶¶ 6–7.

Since being placed on unpaid leave, Plaintiff has used his savings to pay for his expenses. *Id.* at ¶ 15. Plaintiff has indicated to Defendant that he wants to return to his same position, work his normal hours, and utilize FMLA leave to be excused from any overtime or on-call hours that would otherwise be required. Dkt. #15-1; Dkt. #14 at 2; Dkt. #14-1. Instead, Defendant has not returned Plaintiff to his position, has approved him for FMLA leave and Defendant's Company Medical Leave from May 9, 2018, to August 31, 2018, and has notified Plaintiff that he has utilized the full 480 hours of FMLA leave he is entitled to. Dkt. #16 at ¶¶ 8–13.

Plaintiff filed this action in Washington's King County Superior Court[2] on June 13, 2018, and sought economic damages and "injunctive relief reinstating Plaintiff." Dkt. #1-1. While the case has been pending, Plaintiff has exhausted his savings to support himself. Dkt. #16 at ¶ 15. Plaintiff is now going into debt and is concerned that his "line of credit will be maximized in the near future." *Id.* Accordingly, Plaintiff has sought a temporary restraining order ("TRO") and/or preliminary injunction[3] to return Plaintiff to his previous position and allow him to work his

---

[2] The action was removed to this Court on July 13, 2018. Dkt. #1.

[3] Plaintiff does not clearly specify whether he seeks a TRO or a preliminary injunction. Plaintiff appears to want the speed of a TRO and the lengthier benefit of a preliminary injunction. Perhaps tellingly, Plaintiff does not simply seek summary judgment.

ORDER – 2

regular hours while utilizing FMLA leave for any required overtime or on-call hours. Dkts. #14 at 2 and #14-1.

### III. DISCUSSION

The standards for issuing a TRO are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995). The Ninth Circuit articulated:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. P. 65(b)(1)(A).

The Ninth Circuit has recently reiterated that courts analyzing TRO requests are guided by four questions:

> '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). 'The first two factors . . . are the most critical,' *Nken*, 556 U.S. at 434, and the last two steps are reached '[o]nce an applicant satisfies the first two factors.' *id.* at 435.

*State of Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017).

ORDER – 3

## A. Likelihood of Success on the Merits

Plaintiff maintains that he is likely to prevail on the merits. Dkt. #14 at 6–8. He argues that the FMLA entitles him to 12 work weeks of leave for his serious medical condition and that he is entitled to use those 12 weeks intermittently to cover only any overtime or on-call hours that Defendant asks him to work. *Id.* at 6–7. Plaintiff further argues that the FMLA makes it "unlawful for an employer to interfere with, restrain, or deny the exercise of or attempt to exercise any [FMLA rights.]" *Id.* at 7 (quoting 29 U.S.C. § 2615(a)(1)) (quotation marks omitted and alterations in original). Thus, Plaintiff argues that Defendant has clearly violated the FMLA by not allowing Plaintiff to take the intermittent FMLA leave he was entitled to. *Id.* at 7–8.

At this early juncture of the case and with only one side of the story, Plaintiff certainly appears likely to prevail. But Defendants have denied almost all of the factual allegations Plaintiff has made. Dkt. #10. Indeed this is the primary thrust of Plaintiff's lawsuit, which has been pending since June 13, 2018. Dkt. #1-1. The Court is mindful that the parties are unlikely to have engaged in substantive discovery and that the record before the Court is not sufficiently robust to say that Defendant does not have a non-frivolous defense. The TRO process is not simply a short cut to the normal process of civil litigation. Thus, while this question tips clearly in Plaintiff's favor on the record before the Court, it alone does not tip the scales.

## B. Irreparable Harm

Plaintiff's argument for irreparable harm is premised on the fact that he has not been earning income while he has been on leave, his savings account is depleted, and Plaintiff has been borrowing against lines of credit that may soon be exhausted. Dkt. #14 at 8–9. While the Court is not unsympathetic to Plaintiff's difficulties, this harm is not irreparable.

As the Ninth Circuit has explained:

ORDER – 4

> At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. . . . Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. . . . A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief. . . .

*Caribbean Marine Servs. Co.*, 844 F.2d at 674 (alteration in original) (citations omitted). Plaintiff does not establish that harm is imminent or irreparable in this case.

Plaintiff's factual support is vague. Plaintiff indicates to the Court: "The economic hardship of not having income and the ever mounting debts are additional stresses on my life because I know that my line of credit will be maximized in the near future and I am not sure what will happen then as well as concerns of being burdened with the debt into the future is worrisome." Dkt. #16 at ¶ 15. Plaintiff provides no other factual support of his irreparable injury.

Plaintiff does not establish that a harm is immediate. In fact, Plaintiff does not indicate when his line of credit will be exhausted, only that it will occur in the "near future." *Id.* Likewise, nothing has recently changed to make this occurrence more likely. Defendant has not allowed Plaintiff to work since March, 2018, and Plaintiff has not earned income since he stopped working. But Plaintiff knew that his money would eventually run out and had time to plan for the eventuality.

Plaintiff also does not establish that an irreparable harm will even occur. Contrary to counsel's characterization that "[t]his will lead him to hunger, losing his car, homelessness" and possibly bankruptcy, Plaintiff merely indicates that he is "not sure what will happen" when his line of credit runs out. Dkt. #14 at 10; Dkt. #16 at ¶ 15. Likewise, counsel anticipates emotional damage, while Plaintiff mentions only stresses, concerns, and worries. Dkt. #14 at 8–9; Dkt. #16 at ¶ 15. The harms Plaintiff alleges are simply too speculative and do not justify the extraordinary remedy of injunctive relief.

ORDER – 5

The cases Plaintiff cites also do not support injunctive relief here. First, Plaintiff points to several social security appeal cases excusing the exhaustion of administrative appeals due to economic hardship. Dkt. #14 at 8 (citing *Kilare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003); *Johnson v. Shalala*, 2.F.3d 918, 921 (9th Cir. 1993)). But these cases employ a different standard in an entirely different context. Second, Plaintiff argues that the monetary damages ultimately available will not adequately compensate him for the emotional harm. Dkt. #14 at 9 (citing *Chalk v. U.S. Dist. Crt. C.D. Cal.*, 840 F.2d 701, 708 (9th Cir. 1988) and *Lee v. McManus*, 543 F. Supp. 386, 392 (D.C. Kan. 1982)). But *Chalk* was at least partly premised on the fact that a teacher with AIDS had a limited amount of time in which he could enjoy the relief of being returned to the teaching setting—the relief he sought. *Chalk*, 840 F.2d at 710 ("nature of Chalk's affliction" meant that "delay, even if only a few months," was time irretrievably lost). In *Lee*, a prisoner was suffering physical and emotional pain because he was denied necessary medical treatment and was impeded from learning to care for himself. *Lee*, 543 F. Supp. at 392. Here, Plaintiff is not limited in his ability to take any necessary steps to protect himself from any possible emotional harms.

C. **Balance of Equities and the Public Interest**

Given that the Court has determined that Plaintiff has not established irreparable harm—the minimum required of a party seeking a preliminary injunction—the Court need not reach the remaining considerations. *State of Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017).

D. **Alternate Test**

Under the Ninth Circuit's alternative test for injunctive relief—that a movant has shown serious questions are raised and the balance of hardships tips sharply in its favor—the Court

ORDER – 6

would reach the same conclusion as stated above for the same reasons. Accordingly, the Court concludes that Plaintiff has failed to meet either standard for injunctive relief at this time.

## IV. CONCLUSION

Accordingly, having reviewed Plaintiff's Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. #14) is DENIED.

Dated this 11 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 7