The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ARTHUR RONESS,

    Plaintiff,

vs.

T-MOBILE USA, INC.,

    Defendant.

Case No. 2:18-CV-1030-RSM

**STIPULATED MOTION AND PROTECTIVE ORDER**

Plaintiff Arthur Roness and Defendant T-Mobile USA, Inc., by and through their respective counsel of record, hereby move pursuant to Federal Rule of Civil Procedure (26)(c) for entry of this Stipulated Protective Order:

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

STIPULATED MOTION AND PROTECTIVE ORDER – 1
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>DESIGNATED MATERIALS</u>

"Designated Materials" shall include the documents, tangible items, or testimony produced, elicited, or otherwise exchanged in this action which the party producing such materials (the "Designating Party") designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Designated Materials may include, but are not limited to, customer information, personal, medical and/or other sensitive information of Defendant's employees, including Plaintiff, nonpublic personal information about any persons other than the parties, and sensitive or confidential financial or other proprietary information.

2.1     Designated Materials marked "Confidential" shall include any document, file, portion of file, transcribed testimony or other material that the Designating Party in good faith reasonably believes comprise confidential information related to employees, third parties, or other information that could cause commercial, professional, or personal harm through disclosure. Designated Materials shall also include any and all medical records of any person obtained by any party, regardless of how the records were obtained or whether the records are marked "Confidential."

2.2     Designated Materials marked as "Highly Confidential - Attorneys' Eyes Only" shall include any document, file, portion of file, transcribed testimony or other material that the Designating Party in good faith reasonably believes comprises competitive, financial or other commercial or personally sensitive information that requires such heightened protection. Designated Materials may be designated "Highly Confidential - Attorneys' Eyes Only" only if

STIPULATED MOTION AND PROTECTIVE ORDER – 2
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

the Designating Party believes in good faith that designation as "Confidential" will not provide adequate protection.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Designated Materials (as defined above), but also (1) any information copied or extracted from Designated Materials; (2) all copies, excerpts, summaries, or compilations of Designated Materials; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Designated Materials However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF DESIGNATED MATERIALS</u>

4.1 <u>Basic Principles</u>. A receiving party may use Designated Materials that are disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Designated Materials may be disclosed only to the categories of persons and under the conditions described in this Order. Designated Materials must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated as "confidential" or medical information/records even if not so designated may be disclosed only to the following persons:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED MOTION AND PROTECTIVE ORDER – 3
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

S<small>EBRIS</small> B<small>USTO</small> J<small>AMES</small>
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

(b) the parties to this litigation, including any officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for "Highly Confidential - Attorneys' Eyes Only" and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) mediators, including their staff, retained by the Parties, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court, Court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of Designated Materials, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Designated Materials to third parties and to immediately return all originals and copies of any Designated Materials;

(g) during their depositions, party witnesses in the action to whom disclosure is reasonably necessary, or non-party witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author or recipient of a document containing the information or anyone shown the document as having received it in the ordinary course of business.

STIPULATED MOTION AND PROTECTIVE ORDER – 4
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

4.3 _Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items._ Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to the following persons:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) in house counsel and paralegals of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) the Plaintiff, but only if advance permission is given by Defendant or by Court Order;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) mediators, including their staff, retained by the Parties, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the Court, court personnel, and court reporters and their staff;

(g) copy or imaging services retained by counsel to assist in the duplication of Designated Materials, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Designated Materials to third parties and to immediately return all originals and copies of any Designated Materials;

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

STIPULATED MOTION AND PROTECTIVE ORDER – 5
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

transcribed deposition testimony or exhibits to depositions that reveal Designated Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; or

        (i) the author or recipient of a document containing the information or anyone shown on the document as having received it in the ordinary course of business.

    4.4 <u>Filing Designated Material</u>. Before filing Designated Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,

STIPULATED MOTION AND PROTECTIVE ORDER – 6
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced, with the exception of medical information/medical records.

(a) <u>Information in documentary form</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): with the exception of medical information/medical records, the Designating Party must affix the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page that contains Designated Materials. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

STIPULATED MOTION AND PROTECTIVE ORDER – 7
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within (15) fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: with the exception of medical information/medical records, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

STIPULATED MOTION AND PROTECTIVE ORDER – 8
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidentiality designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as ""Confidential" or "Highly Confidential – Attorneys' Eyes Only" that party must:

      (a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

STIPULATED MOTION AND PROTECTIVE ORDER – 9
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Designated Materials may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Materials to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON-TERMINATION AND RETURN OF DOCUMENTS

STIPULATED MOTION AND PROTECTIVE ORDER – 10
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all Designated Materials to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Materials.

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 19th day of April, 2019.

PREMIER LAW GROUP PLLC

BY: *s/ Patrick Kang*
Patrick Kang, WSBA #30726
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743
patrick@premierlawgroup.com

Attorneys for Plaintiff

SEBRIS BUSTO JAMES

BY: *s/ Jeffrey A. James*
Jeffrey A. James, WSBA #18277
Matthew R. Kelly, WSBA #48050
14205 SE 36th St., Suite 325
Bellevue, Washington 98006
(425) 454-4233
jaj@sebrisbusto.com
mkelly@sebrisbusto.com

Attorneys for Defendant

STIPULATED MOTION AND PROTECTIVE ORDER – 11
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: April 22, 2019

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED MOTION AND PROTECTIVE ORDER – 12
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Arthur Roness v. T-Mobile USA, Inc.*, Case No. 2:18-CV-1030-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED MOTION AND PROTECTIVE ORDER – 13
Roness v. T-Mobile USA, Inc., No. 2:18-CV-1030-RSM

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005