UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR RONESS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T-MOBILE USA, INC., a Delaware Corporation,<br><br>　　　　Defendant. | Case No. C18-1030-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Arthur Roness's Motion for Partial Summary Judgment. Dkt. #21. Plaintiff seeks summary judgment on three of the five elements required to prove Plaintiff's reasonable accommodation claim under the Washington Law Against Discrimination. *Id.* at 2. Plaintiff also seeks summary judgment dismissal of several defenses raised by Defendant T-Mobile USA, Inc. ("T-Mobile"). *Id.* at 1. T-Mobile opposes the entirety of Plaintiff's Motion and moves to strike portions of Plaintiff's Declaration on hearsay grounds. Dkt. #31 at 1-2.

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 1

Having reviewed the Motion, Defendant's Response, Plaintiff's Reply, and all documents submitted in support thereof, the Court GRANTS T-Mobile's Motion to Strike and DENIES Plaintiff's Motion for Partial Summary Judgment.

## I. BACKGROUND

Plaintiff Arthur Roness began working at T-Mobile as a Data Technician at the Snoqualmie Data Center ("Snoqualmie") since around September 2000. Dkt. #23 at ¶¶ 1-2. T-Mobile's data centers are facilities that house the company's computer servers for its telecommunications system, which routes traffic for banking, government contracts, and Enhanced 911—a system used to provide emergency dispatchers the location of 911 callers. Dkt. #32-1 at 96. As a result, T-Mobile must ensure the system is properly functioning at all times. Data Technicians are responsible for operating, monitoring, and maintaining the facilities, and responding to abnormal conditions as they arise. Dkt. #30-1 at 14, 19. To timely address abnormal conditions at Snoqualmie, T-Mobile requires one data technician to be "on call" at all times outside the data technicians' regularly-scheduled day shifts. *Id.* at 16-17. Roness has participated in the on-call rotation since 2006, with on-call responsibilities every third week. *Id.* at 7-8.

Plaintiff claims that he saw his physician, Dr. Randip Singh, in early 2018 for difficulty focusing and concentrating at work due to fatigue, drowsiness, and lethargy after being on-call and working evenings or weekends. Dkt. #23 at ¶6. On March 22, 2018, Plaintiff provided T-Mobile with a letter from Dr. Singh which described Plaintiff's claimed medical condition, Obstructive Sleep Apnea, and requested that T-Mobile allow Plaintiff to "work Monday thru

Friday 05:00am – 03:00pm excluding weekends." Dkt. #30-1 at 45. Plaintiff describes Obstructive Sleep Apnea as a "medically recognized condition" aggravated by a varying work schedule that disturbs a patient's natural circadian rhythms. *Id.*; Dkt. #21 at 2. Plaintiff also references a diagnosis made in 2005 that he has a moderate pulmonary defect in his lungs causing severe respiratory muscle weakness, Dkt. #23 at ¶3, although he does not name the individual who made the 2005 diagnosis.

The week after Plaintiff provided his doctor's letter to T-Mobile, T-Mobile placed Plaintiff on unpaid leave of absence. Dkt. #16-1 at ¶¶6-7. In early April of 2018, T-Mobile's Accommodations Manager, Melysa Miles, received paperwork from Broadspire—T-Mobile's third party benefits administrator—along with Plaintiff's letter from Dr. Singh recommending a modified work schedule. Dkt. #33 at ¶¶4-5. On the basis that Plaintiff's medical documentation indicated his work restrictions were "permanent," and because Plaintiff represented the same, Ms. Miles determined that T-Mobile could not reasonably accommodate Plaintiff in his current position as a Senior Technician, Data Center because on-call, evenings, and weekend hours were an "essential function" of the Senior Technician, Data Center position. *Id.* at ¶¶8-11.

On June 13, 2018, Plaintiff filed this action in King County Superior Court. Dkt. #1-1. Plaintiff claims that T-Mobile violated his rights under the Washington Family Leave Act ("WFLA"), the federal Family and Medical Leave Act ("FMLA"), and the Washington Law Against Discrimination ("WLAD") by placing him on continuous unpaid leave of absence rather than accommodate his disability or allow him to use intermittent leave. Dkt. #1-1. On

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 3

July 13, 2018, T-Mobile timely removed the action to this Court. Dkt. #1. On September 10, 2018 during the pendency of this case, Plaintiff moved for a temporary restraining order and/or a preliminary injunction that would require T-Mobile to reinstate him and allow him to work his regular hours while using FMLA leave for any required overtime or on-call hours. Dkts. #14 at 2, #14-1. On September 11, 2018, this Court denied Plaintiff's motion for injunctive relief, finding that Plaintiff failed to establish irreparable harm. Dkt. #18 at 6.

Plaintiff now moves for summary judgment on several elements required to prove that T-Mobile failed to accommodate Plaintiff, as well as summary judgment on various defenses raised by T-Mobile.

## II.  DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S.*

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 4

*Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Defendant's Motion to Strike

As a preliminary matter, the Court will address T-Mobile's Motion to Strike. Dkt. #31 at 1-2. Pursuant to Local Rule 7(g), T-Mobile moves to strike portions of the Roness Declaration in Support of Plaintiff's Motion for Partial Summary Judgment, Dkt. #23. T-Mobile argues that portions of Roness's declaration, which describe Plaintiff's recollections related to his Obstructive Sleep Apnea diagnosis and prescribed treatment, constitute inadmissible hearsay. T-Mobile specifically cites four statements in Plaintiff's declaration:

> In or around 2005, I was diagnosed with a moderate pulmonary defect in my lungs, which caused severe respiratory muscle weakness.
>
> After several visits with my doctor in 2005 and 2006 related to my condition, I was diagnosed with Obstructive Sleep Apnea and prescribed a BIPAP ventilation machine.
>
> [My physician] informed me that the lack of having a consistent sleep pattern because of varying on-call and evening/weekend work hours was aggravating my sleep apnea condition.
>
> [My physician] recommended that I only work my regular shift hours and no longer work the on-call and evening/weekend hours, which generally exceeded ten hours of work time, to avoid aggravating my condition.

Dkt. #23, Roness Decl. at ¶¶3, 6, 7.

T-Mobile argues that Plaintiff offers these statements for the truth of the matter asserted and the statements do not fall under any hearsay exception. Dkt. #31 at 2 (citing Fed. R. Evid. 801). Inadmissible hearsay cannot be used to establish material facts on a summary judgment motion. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996). Although Rule 803(4) excepts statements made for medical diagnosis or treatment, this rule does not except statements made *by the person providing the medical attention* to the patient. *Id.* at 564 (citing Fed. R. Evid. 803(4)). Plaintiff argues that the foregoing statements are not offered to prove the truth of the matter asserted, but rather "to put into context Mr. Roness's understanding" of several incidents, including why he was referred for a sleep study, why he had been using a BIPAP ventilation machine since around 2007, and why he went to the physician in 2018 and obtained a doctor's note to request reasonable accommodation. Dkt. #37 at 2.

Contrary to Plaintiff's assertion, Plaintiff's Motion for Partial Summary Judgment relies on his own declaration statements as evidence that Plaintiff has a medically diagnosable condition discovered in 2005 that was aggravated by working on-call hours during evenings and weekends. *See* Dkt. #21 at 2-3 (statement of facts citing Roness Declaration as evidence of his pulmonary defect, Obstructive Sleep Apnea diagnosis, and prescribed treatment). Plaintiff then relies on these factual assertions as the basis for his legal arguments. *See, e.g.*, Dkt. #21 at 10 ("It is undisputed that Mr. Roness's physician diagnosed Mr. Roness with Obstructive Sleep Apnea disorder, which is a medically recognized disorder. It is also undisputed that . . . Mr.

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 6

Roness has been receiving treatment for the disorder with a BIPAP ventilation machine since around 2005.").

For the foregoing reasons, the Court finds that Plaintiff relied on the statements in his declaration for the truth of the matter asserted, which constitutes inadmissible hearsay. Accordingly, the Court GRANTS T-Mobile's Motion to Strike with respect to the foregoing statements in Plaintiff's declaration.

### C. Plaintiff's Motion for Partial Summary Judgment

Plaintiff's Motion seeks summary judgment on several elements required to prove Plaintiff's reasonable accommodation claim under the Washington Law Against Discrimination ("WLAD"). Dkt. #21 at 2. Plaintiff also seeks summary judgment dismissal of several of T-Mobile's defenses. *Id.* at 1. The Court will address each issue in turn.

#### 1. Elements of Plaintiff's Failure to Accommodate Claim

Plaintiff moves for summary judgment on three of the five elements required to prove Plaintiff's reasonable accommodation claim under the WLAD. Dkt. #21 at 12-14. These elements include: (1) Plaintiff had an impairment that is medically recognizable or diagnosable or exists as a record or history; (2) Plaintiff gave his employer notice of the impairment, or no notice was required because the employer knew about Plaintiff's impairment; and (3) the impairment had a substantially limiting effect on Plaintiff's ability to perform his job, or Plaintiff provided medical documentation to the employer establishing a reasonable likelihood that working without an accommodation would aggravate the impairment to the extent it would create a substantially limiting effect. RCW 49.60.040(7).

At the time of briefing Plaintiff's Partial Motion for Summary Judgment, T-Mobile had not yet deposed Dr. Singh—the doctor that Plaintiff claims diagnosed him with Obstructive Sleep Apnea and prescribed a treatment that restricted him from working on-call, evening, and weekend hours. Dkt. #32 at ¶11. Given the Court's determination that portions of Plaintiff's declaration constitute inadmissible hearsay, the totality of evidence supporting Plaintiff's claims includes: (a) a copy of the letter signed by Dr. Singh, Dkt. #16-1l; (b) T-Mobile's admission that, on information and belief, Dr. Singh diagnosed Plaintiff with Obstructive Sleep Apnea, Dkt. #22-1; and (c) Plaintiff's deposition testimony that his Obstructive Sleep Apnea was exacerbated from working on-call hours, Dkt. #38-2 at 3.

While Plaintiff contends that the existing evidence suffices to satisfy Plaintiff's burden of proof on these three elements, the Court disagrees. Plaintiff cites to Dr. Singh's letter and his own testimony as evidence that he suffers from Obstructive Sleep Apnea. *See* Dkt. #21 at 2-3. Yet under the WLAD, a doctor's note and personal testimony is insufficient to prove impairment. For the purposes of qualifying for reasonable accommodation, an impairment "must be known or shown *through an interactive process* to exist in fact." RCW 49.60.040(d) (emphasis added). T-Mobile has raised a sufficient factual dispute as to whether Plaintiff engaged in this interactive process, claiming that Dr. Singh failed to respond to a follow-up questionnaire that sought clarification on Plaintiff's diagnosis and work restrictions—despite Ms. Miles' numerous requests for the completed questionnaire. Dkt. #33 at ¶¶ 6-7. The principal issue—whether Plaintiff indeed has a medically diagnosable condition—is therefore still a dispute of material fact for which a reasonable jury could find for T-Mobile. Because

Plaintiff has failed to meet his burden of proof on this first and fundamental element, Plaintiff cannot show an absence of dispute of material fact as to the remaining elements of (2) notice provided to T-Mobile about the impairment; and (3) the impairment's substantially limiting effect.

### 2. Frivolous and Advanced without Proper Cause

Plaintiff also moves for summary judgment on what he describes as "five of Defendant's nine affirmative defenses." Dkt. #21. However, some of these claims characterized by Plaintiff as "affirmative defenses" are simply defenses that deny elements of Plaintiff's claims, for which Plaintiff bears the burden of proof. The Court will address each defense in turn.

First, Plaintiff moves for summary judgment on T-Mobile's defense that Plaintiff's claims are frivolous and advanced without proper cause. Under Washington state law, a party may file a motion seeking to declare a claim or defense to be frivolous and advanced without reasonable cause. RCW 4.84.185. With respect to Plaintiff's FMLA claim, Plaintiff argues that T-Mobile violated his FMLA rights by placing him on a leave of absence rather than allowing him to use intermittent leave or provide a reduced schedule. However, T-Mobile claims that it granted Plaintiff twelve weeks of continuous leave starting May 9, 2018, and that Plaintiff failed to provide T-Mobile with any FMLA certification to support intermittent or reduced FMLA leave. Dkt. #33 at ¶¶ 12-15. Furthermore, T-Mobile claims that the medical certification provided by Plaintiff indicated that he did not qualify for intermittent leave or a reduced schedule. *Id.* at ¶¶ 14-15. Viewing these facts in the light most favorable to T-Mobile, there is

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 9

a dispute of material fact as to whether Plaintiff's claims are frivolous and advanced without proper cause, particularly given that discovery is ongoing.

### 3. Plaintiff Not a Qualified Individual under the WLAD

Plaintiff next moves for summary judgment on T-Mobile's defense that Plaintiff is not a qualified individual with a disability under the WLAD. This is not an affirmative defense, but rather a defense that denies an element of Plaintiff's WLAD claim for which Plaintiff bears the burden of proof. As discussed above, the Court has determined that a dispute of material fact exists as to whether Plaintiff has, in fact, a medically diagnosable condition that qualifies him as an "individual with a disability." Accordingly, given that Plaintiff bears the burden of proof to prove he is a qualified individual with a disability, the Court denies summary judgment on this issue.

### 4. Undue Hardship

Plaintiff contends that T-Mobile has failed to raise a dispute of material fact to support its affirmative defense that accommodating Plaintiff would have posed an undue hardship to T-Mobile. Under the WLAD, an employer's failure to reasonably accommodate the limitations of a disabled employee constitutes discrimination, unless the employer can demonstrate that such accommodation would impose an undue hardship to the employer's business. *Macon v. United Parcel Serv., Inc.*, No. C12-260 RAJ, 2012 WL 5410289, at *4 (W.D. Wash. Nov. 5, 2012) (citing *Doe v. Boeing Co.*, 121 Wash. 2d 8, 18, 846 P.2d 531, 537 (1993)). The scope of an employer's duty to accommodate is "limited to those steps reasonably necessary to enable the employee to perform his or her job." *Doe*, 121 Wash.2d at 19, 846 P.2d 531.

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 10

Determining whether a proposed accommodation is reasonable and whether it may impose undue hardship on the employer "requires a fact-specific, individualized inquiry." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999). The parties dispute whether availability for on-call rotation and after-hours work is an "essential function" at the Snoqualmie Data Center, *compare* Dkt. #21 at 11 *with* Dkt. #31 at 11, but this issue pertains more to the reasonableness of Plaintiff's proposed accommodation than the undue hardship it would impose on T-Mobile. *See Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1122 (10th Cir. 2004) (Employee's request to be relieved from an essential function of her position is not a reasonable accommodation). Although reasonableness of accommodation and undue hardship have a "close relationship," the inquiries are distinct. *See Easley v. Sea-Land Serv., Inc.*, 99 Wash. App. 459, 471, 994 P.2d 271, 278 (2000) ("[A]n accommodation proved to be 'reasonable' can at the same time pose an 'undue hardship.'").

The Ninth Circuit recognizes that "[w]hat constitutes undue hardship must be determined within the particular factual context of each case." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). An accommodation may result in undue hardship when there is "more than a de minimis cost to the employer," including but not limited to additional costs from lost efficiency or higher wages. *Id.* (citing *Opuku–Boateng v. California,* 95 F.3d 1461, 1468 n. 11 (9th Cir.1996)) (internal citations omitted). Undue hardship may also be present where the requested accommodation "would cause more than a de minimis impact on coworkers," including depriving them of seniority rights or forcing them to shoulder the most difficult work shifts. Although Plaintiff argues that T-Mobile should conduct a cost-benefit

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 11

analysis in order to prove undue burden, Dkt. #37 at 6, this level of granularity is more rigorous than the "sufficient showing" required to survive summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court finds that T-Mobile has raised a sufficient dispute of material fact as to whether permanently assigning Plaintiff's on-call rotation to other employees or hired third-party contractors would impose undue hardship on T-Mobile. The evidence reflects that on-call rotation is one of the most difficult shifts for data technicians, if not the most difficult. *See* Dkt. #30-1 at 34 (Plaintiff testifying that on-call is not a desirable thing to do, and data technicians would not volunteer to take on more). Permanently reassigning Plaintiff's on-call and weekend hours could therefore impose more than a de minimis cost on T-Mobile due to potential personnel and logistical problems of finding coverage for on-call hours. *See* Dkt. #32-1 at 22-23 (Plaintiff testifying that he is unaware of any past or current T-Mobile employee who was permanently excused from on-call hours). Although Plaintiff argues that T-Mobile could simply rely on other employees or third-party contractors to cover Plaintiff's on-call hours, Dkt. #37 at 6, Plaintiff's manager claims that contractors are only brought in on a temporary basis when there is more work than what T-Mobile staff can handle. Dkt. #30-1 at 57. Considering this evidence in the light most favorable to T-Mobile, the Court finds a sufficient dispute of material fact regarding T-Mobile's undue hardship that is properly reserved for trial.

### 5. Avoidable Consequences Doctrine and Failure to Mitigate

Lastly, Plaintiff moves for summary judgment on T-Mobile's defenses that (1) Plaintiff failed to avail himself of the reasonable accommodations offered by T-Mobile; and (2) Plaintiff

failed to mitigate his damages. Dkt. #21 at 11-12. Although T-Mobile seeks to distinguish these two defenses, *see* Dkt. #31 at 11-13, Washington law characterizes the doctrine of avoidable consequences as another term for the doctrine of mitigation of damages. *See Young v. Whidbey Island Bd. of Realtors*, 96 Wash. 2d 729, 731, 638 P.2d 1235, 1237 (1982). Even if T-Mobile seeks to apply the doctrines to different aspects of the case, both hinge on the same question: whether Plaintiff could have avoided certain damages had he made reasonable efforts to do so. This inquiry turns on a determination of reasonableness, which is a factual finding that should be reserved for a jury. *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 15 F. Supp. 3d 1116, 1129 (W.D. Wash. 2014) ("[W]hether a party properly mitigates his or her damages turns on a determination of reasonableness, and an issue about which reasonable minds could differ is a question for the jury."). Accordingly, the Court denies summary judgment on both issues.

### III. CONCLUSION

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Strike, Dkt. #31, is GRANTED and Plaintiff's Motion for Partial Summary Judgment, Dkt. #21, is DENIED.

DATED this 8 day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 13

ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT
PAGE - 14