UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR RONESS,

    Plaintiff,

v.

T-MOBILE USA, INC., a Delaware Corporation,

    Defendant.

Case No. C18-1030 RSM

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER

This matter comes before the Court on Plaintiff Arthur Roness's Fed. R. Civ. P. 37(a) Motion to Compel information related to Defendant T-Mobile USA, Inc. ("T-Mobile")'s third-party contract vendors that provided T-Mobile with "rack and stack" support at the Snoqualmie Data Center. Dkt. #34. T-Mobile opposes Plaintiff's Motion and requests entry of a protective order. Dkt. #46. A full summary of the case is not necessary given this Court's earlier orders on parties' dispositive motions. *See* Dkts. #54, #55.

For the reasons set forth below, Plaintiff's Motion to Compel is DENIED and T-Mobile's Motion for Entry of a Protective Order is DENIED as moot.

# I. BACKGROUND

Plaintiff's Requests for Productions Nos. 10 and 11 request the following information related to T-Mobile's third-party contractors at the Snoqualmie Data Center:

> **REQUESTS FOR PRODUCTION NO. 10**: Please produce all communication documents, including emails, notes, correspondence, etc. that any of your employees, including but not limited to Robert Okrie, Robert Gray, Jason Evans had with your contract vendors, including but not limited to Blue Stream Professional Services, Tek Systems, General Data Telecom (GDT), JLL, Facility Tech related to "purchasing hours" or utilizing the contract vendors services for purposes of Rack and Stack support at the Snoqualmie Data Center between 2015 and 2019 .
>
> **REQUESTS FOR PRODUCTION NO. 11**: For all contract vendors that provided you with Rack and Stack support at your Snoqualmie Data Center between 2015 and 2019, please produce all documents, including but not limited to invoices, purchase orders, contract agreements, order requests, payment sheets/logs, time usage logs, etc., which would show how you much you utilized the vendors' services, how much the vendor charged you for its services, how much you paid the vendors for their services, the time periods you utilized the vendors' services, how many hours you purchased from the vendors, the services to be performed by the vendors' workers, etc.

Dkt. #35-2 at 2-4. T-Mobile objected to both requests on the basis of relevance and proportionality. *Id.*

# II. DISCUSSION

**A. Standard of Review**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be

admissible in evidence to be discoverable. *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B. Production of Third-Party Contractor Information

Plaintiff argues that the requested materials are relevant to proving two elements of his claim that T-Mobile failed to reasonably accommodate his disability: (1) Plaintiff would have been able to perform the essential functions of the job in question with reasonable accommodation; and (2) T-Mobile failed to reasonably accommodate Plaintiff's impairment. Dkt. #34 at 3 (citing RCW 49.60.040(7); WPI 330.33).

To the extent that Plaintiff's Motion seeks to compel information showing that on-call rotation is not an "essential function" of his Senior Technician job at Snoqualmie, this issue is moot in light of the Court's order dated July 9, 2019. *See* Dkt #55 (Finding that, as a matter of law, on-call availability was an "essential function" of Plaintiff's Senior Technician position at Snoqualmie). Accordingly, the Court will consider Plaintiff's remaining arguments for why T-Mobile should be compelled to produce records related to third-party contractors.

Plaintiff also argues that the requested materials are relevant to demonstrating the reasonableness of Plaintiff's accommodation at Snoqualmie, given that contractors were already performing on-call duties and therefore could be delegated Plaintiff's on-call rotation. Dkt. #34

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL AND DENYING DEFENDANT'S
MOTION FOR ENTRY OF PROTECTIVE
ORDER
PAGE - 3

at 6.  However, this issue is also moot in light of the Court's previous Order, Dkt. #55.  Because the Court already determined that on-call availability was an "essential function" of Plaintiff's position, it cannot find that Plaintiff's accommodation—permanent reassignment of his on-call rotation—would have been reasonable.  A "reasonable accommodation" is defined by the Equal Employment Opportunity Commission as: "Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that *enable a qualified individual with a disability to perform the essential functions* of that position").  29 C.F.R. § 1630.2(o)(1)(ii) (emphasis added).  A request is unreasonable on its face if it requires an employer "to exempt an employee from performing essential functions or reallocate essential functions to other employees." *Edwards v. Tacoma Pub. Sch.*, 275 F. App'x 629, 631 (9th Cir. 2008) (internal citations omitted).  *See also Babiak v. State ex rel. ITS Dep't of Taxation*, 554 F. Supp. 2d 1187 (9th Cir. 2008) (accommodation unreasonable under Americans with Disabilities Act where it exempted employee from performing essential functions or reallocated those functions to other employees).  For that reason, Plaintiff's request to reallocate an essential function of his job to third-party contractors is unreasonable on its face.  Accordingly, his request for materials in support of this claim is moot.

Lastly, Plaintiff's reply brief argues that the requested materials are relevant to challenging T-Mobile's affirmative defense that accommodating Plaintiff at Snoqualmie would create undue hardship.  Dkt. #48 at 3-5.  This argument is not properly before the court, given that parties cannot introduce new arguments in a reply brief.  *Tile Tech, Inc. v. Appian Way Sales, Inc.*, C17-1660JLR, 2018 WL 2113958, at *4 (W.D. Wash. May 8, 2018) ("A district court cannot

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL AND DENYING DEFENDANT'S
MOTION FOR ENTRY OF PROTECTIVE
ORDER
PAGE - 4

consider arguments raised for the first time in a reply brief.") (internal citations omitted). However, even if this argument was timely raised, T-Mobile's "undue hardship" affirmative defense is moot in light of the Court's finding that Plaintiff's proposed accommodation was unreasonable on its face.

### C. T-Mobile's Request for Protective Order

T-Mobile requests that the Court enter a protective order prohibiting discovery regarding T-Mobile's use of its third-party contractors. Dkt. #46 at 8. Federal Rule of Civil Procedure 26(c) authorizes the Court to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" that would result from the disclosure of certain discovery. Fed. R. Civ. P. 26(c)(1)(A). T-Mobile argues that a protective order is necessary to protect its counsel from the time and expense of searching for emails with the names of third-party contract vendors and reviewing responsive documents. Dkt. #46 at 9. By denying Plaintiff's Motion to Compel, the Court finds that this Order accomplishes what T-Mobile requests—denying Plaintiff discovery of material related to T-Mobile's use of its third-party vendors. Accordingly, the Court denies T-Mobile's request for a protective order at this time.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Compel (Dkt. #34) is DENIED; and Defendant's Motion for Entry of a Protective Order (Dkt. #46) is DENIED as moot.

DATED this 11th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE