UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR RONESS,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware Corporation,<br><br>Defendant. | Case No. C18-1030-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Arthur Roness's Motion for Reconsideration. Dkt. #57. On July 11, 2019, this Court denied Plaintiff's Motion for Partial Summary Judgment. Dkt. #54. Plaintiff now requests that the Court reconsider its order based on new evidence obtained from witness depositions. The Court has determined that response briefing from Defendant T-Mobile USA, Inc. ("T-Mobile") is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION
PAGE - 1

## II. BACKGROUND

In its previous order, the Court denied Plaintiff's Motion for Partial Summary Judgment on three of the five elements for a reasonable accommodation claim under the Washington Law Against Discrimination ("WLAD"): (1) Plaintiff had an impairment that is medically recognizable or diagnosable or exists as a record or history; (2) Plaintiff gave his employer notice of the impairment, or no notice was required because the employer knew about Plaintiff's impairment; and (3) the impairment had a substantially limiting effect on Plaintiff's ability to perform his job, or Plaintiff provided medical documentation to the employer establishing a reasonable likelihood that working without an accommodation would aggravate the impairment to the extent it would create a substantially limiting effect. Dkt. #54 at 7; RCW 49.60.040(7).

Plaintiff now requests reconsideration of his Motion for Partial Summary Judgment based on "new evidence" obtained from the depositions of Dr. Randip Singh (Plaintiff's physician), Ms. Melysa Miles (T-Mobile's accommodation manager), and Ms. Zarahy Martinez (representative for T-Mobile's third-party benefits administrator, Broadspire). Dkt. #57 at 2.

## III. DISCUSSION

**A. Legal Standard**

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

**B. New Evidence**

Plaintiff's Motion does not argue manifest error by the Court in its prior ruling, nor does it identify a change in the controlling law. Instead, Plaintiff submits deposition testimony as "new evidence" compelling the Court to reverse its previous ruling. For reconsideration of a summary judgment motion, "evidence is not 'newly discovered' if at the time of summary judgment, it 'could have been discovered with reasonable diligence.'" *Rohr, Inc. v. UPS-Supply Chain Sols., Inc.*, 939 F. Supp. 2d 1041, 1054 (S.D. Cal. 2013) (quoting *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 892 n. 6 (9th Cir.1994)).

Plaintiff's counsel explains that he could not depose Dr. Singh until June 13, 2019 and could not depose Ms. Miles until June 20, 2019. Dkt. #57 at 3. Ms. Martinez was initially deposed on May 22, 2019, but parties stipulated to a second deposition on July 8, 2019 after discovering that T-Mobile's third-party benefits administrator, Broadspire, failed to produce responsive discovery materials. *Id.* However, Plaintiff filed his motion for partial summary judgment on April 11, 2019—nearly three months before the close of discovery and nearly four months before the deadline for dispositive motions. *See* Dkt. #13 (Scheduling Order setting discovery deadline for July 1, 2019; dispositive motions due by July 30, 2019). Plaintiff could have obtained these testimonies prior to moving for partial summary judgment simply by waiting until after completion of discovery to file his motion. *See Rohr*, 939 F. Supp. 2d at 1054 ("Knight could have obtained Ms. West's testimony prior to moving for partial summary judgment if it . . . merely waited until after the completion of expert discovery to file its motion."). Accordingly, none of the deposition testimonies qualify as "newly discovered evidence" for purposes of a motion for reconsideration.

Even if the Court considers the evidence, Plaintiff's Motion is without merit. The testimonies do not provide "uncontroverted" evidence warranting summary judgment on these three elements of Plaintiff's WLAD claim. On the contrary, the testimonies raise material disputes of fact regarding Dr. Singh's diagnosis of Mr. Roness's condition and the accommodations that Dr. Singh requested from T-Mobile to address Mr. Roness's diagnosed sleep apnea.

The paperwork from Dr. Singh requested that T-Mobile modify Mr. Roness's schedule as follows due to severe sleep apnea: "Monday thru Friday 0:500am -0:300pm excluding weekends." Dkt. #58-1 at 18 (March 22, 2018 letter from Dr. Singh). Ms. Martinez's testimony confirms that these same restrictions were reflected in the paperwork submitted to Broadspire. *Id.* at 13 (Questionnaire listed "modification of work schedule with a proposed time of five a.m. to three p.m. and no weekends" signed by "the healthcare provider"). Contrary to the information provided to T-Mobile, Dr. Singh testified that there was "no medical reason" to exclude Mr. Roness from working weekends. Dkt. #58-1 at 13. In response to whether Mr. Roness should work a swing shift, Dr. Singh ambiguously stated: "Possibly a swing shift." *Id.* Dr. Singh's testimony is likewise unclear as to whether Mr. Roness's accommodation required working certain hours or whether it simply required that he work a consistent schedule, regardless of his shift time. *Compare* Dkt. #58-1 at 13 ("I wouldn't want [Mr. Roness] to work a graveyard shift") *with id.* at 16 ("If he was working a consistent schedule and felt okay and his oximetry was okay, I would think, yeah, he could potentially do that [referring to "try graveyard shift"]).

The evidence provided in Plaintiff's Motion does not justify reconsideration of the Court's order denying Plaintiff's motion for partial summary judgment. Viewing these testimonies in the

light most favorable to T-Mobile, there exist genuine issues of material fact as to Mr. Roness's impairment, T-Mobile's notice of Mr. Roness's impairment, and the likelihood that working without accommodation would create a substantially limiting effect.

## IV. CONCLUSION

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #57, is DENIED.

DATED this 26 day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE